TRADERS' MUTUAL FIRE INSURANCE COMPANY *vs.* WILLIAM P. STONE.

One who has accepted a policy from a mutual insurance company cannot object, in an action to recover an assessment upon his premium note, that the company did not give notice to the secretary of the Commonwealth of their acceptance of their charter.

A mutual insurance company may resume business again, after passing a vote to take no more risks.

An assessment upon the members of a mutual insurance company of more than double the amount of the deficiency in its funds is unreasonable and void, if no special circumstances are shown which require so large an assessment.

CONTRACT brought by a mutual insurance company to recover the amount of an assessment laid upon two policies held by the defendant.

It was agreed, in the superior court, that the plaintiffs issued to the defendant the two policies, both of which were dated in October 1860, taking the premium notes upon which the assessments were laid. The plaintiffs obtained and accepted their

charter and commenced business in 1854, but it was contended by the defendant that there was no sufficient evidence to show that they gave notice of their acceptance of it to the secretary of the Commonwealth. In May 1856 the company voted to take no more risks; and in December 1857 that vote was rescinded, and the company voted to resume business.

The agreement of facts then stated that "the assessments claimed of the defendant were laid April 21st 1862, by the following vote: ' Whereas the just claims against the Traders' Mutual Fire Insurance Company exceeded the funds of said company so as to leave the `following deficiencies, [here followed a detailed statement of the sums, amounting in all to $20,401.28,] making the whole deficiency at this date to be $20,401.28, and it is necessary to lay an assessment to pay the said deficiencies, and as in our opinion not more than fifty per centum of an assessment can now be considered certain of collection, therefore voted to lay an assessment on all members whose policies were respectively in force at the time the aforesaid deficiencies occurred, in proportion to their respective premiums and deposits, for twice the abovenamed amounts, . . . . . making the whole amount to be collected $40,802.56.' " Another paper, annexed to the agreement of facts, and appearing to be a copy from records of the plaintiffs, professed to show the " mode of laying the assessment," and mentioned as the "amount of assessment voted, January 15th 1862, $4859.10 ; April 21st 1862, $40,800.54 ; amounting in all to $45,659.64, being twice the amount of the liabilities due by said corporation." The same paper subsequently professed to give the liabilities of the company, which amounted, including the sum of $5000 for " expenses of closing and interest," to $23,937.21, and the assets of the company were stated to amount to $1048.68, leaving a " balance to be assessed for $22,888.53."

Upon these facts, and others which are now immaterial, judgment was rendered for the defendant, and the plaintiffs appealed to this court.

*J. G. Abbott & E. C. Baker*, for the plaintiffs.

*C. S. Lincoln*, for the defendant.

CHAPMAN, J. 1. The objection that the plaintiffs did not legally accept their charter is not open to the defendant. By taking his policy, he waived all objections of this character. *Citizens' Ins. Co.* v. *Sortwell,* 8 Allen, 217.

2. The votes referred to, being merely votes to take no more risks, cannot be regarded as an abandonment of the corporate powers of the company. Their only effect was to suspend the business of issuing policies. The right to resume this business was not impaired by such votes.

3. The objection that the assessment was unreasonable in its amount must prevail. In the recent case of *People's Ins. Co.* v. *Babbitt,* 7 Allen, 235, it was held that though, in addition to the debts due from the company, a reasonable sum might be included in the assessment for expenses, and the insolvency of members, yet there was no authority to exceed such an amount; and an addition of one hundred per cent. was held to be so unreasonable as to make the assessment void. In the present case, it was proper to include among the debts the amount due for return premiums to the members whose policies had been annulled. *Fayette Ins. Co.* v. *Fuller,* 8 Allen, 27. Including this, the amount of debts was less than eighteen thousand dollars. But the assessment is for more than forty-five thousand dollars. This is a much larger addition than was made in the case of *People's Ins. Co.* v. *Babbitt,* and the assessment cannot be sustained, upon the principles stated in that case. The assessment in the case of *Fayette Ins. Co.* v. *Fuller* was sustained on principles that do not include a case like the present; for in that case the amount of the addition was much less than in this case, and it was found, as one of the facts in the case, that it was a reasonable amount. *Judgment for the defendant.*